Green, J.,
delivered the opinion of the court.
The only question in this case is, whether the court ean divest the title to the land in controversy, out of the defendants without proof that their ancestor received a valuable consideration therefor.
It is admitted that in ordinary cases, where one enters into an obligation to convey land to another, such contract will not be enforced in equity, but upon proof of the payment of a consideration: but it is insisted that this case does not depend upon the same principle.
The instrument upon which the complainants’ claim is founded, is in the following words: “July 19, 1820. It is understood between us, that John Branch is entitled to (12) twelve hundred acres of warrant, that is to be drawn,- or the land *394 when located, (subject nevertheless to the locators part, to be taken from it when ascertained and surveyed,) out of the grant, granted to William Branch, after said’ John Branch pays his proportionable part of the expenses of said land.
Joseph Branch.”
As it is stated in this memorandum that John Branch is “entitled to twelve hundred acres,” it is argued, that we are to infer that he did not derive his right from Joseph Branch, and consequently no consideration need be proved.
We cannot recognize the principle contended for. The legal title was in Joseph Branch. If he is forced to part with that legal title, it must be upon the ground that ne holds it in trust for John Branch. But how can a trust be raised, except upon a consideration?
If the proof had shown that Joseph Branch and John Branch were tenants in common in equity, and that by some means, the legal title had been vested in Joseph, this would have raised a trust in favor of John, upon which the court could have acted. But there is no such proof in this case, and we cannot infer it from the use of the word “entitled” in this instrument. It must, therefore, rest upon the ordinary ground of an agreement to convey land; and no consideration having been proved, it cannot be enforced.
Let the decree, dismissing the bill, be affirmed.